IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**DAVID A. SIVLEY**                                                                            **PLAINTIFF**

v.                                                                   No. 2:09CV111-B-S

**DESOTO COUNTY, MISSISSIPPI,**
**STEVE ATKINSON, and**
**APRIL TRU**                                                             **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of David A. Sivley, who challenges the conditions of his confinement under 42 U.S.C. § 1983. The defendants have filed a motion for summary judgment. The plaintiff has not responded, and the deadline for response has expired.[1] For the reasons set forth below, the motion by the defendants for summary judgment will be granted.

**Undisputed Material Facts[2]**

David E. Sivley, was an adult male inmate incarcerated in the DeSoto County Detention Facility in the summer of 2005 and again in the summer of 2006. Defendant Steve Atkinson is the former jail administrator and had no direct involvement with Sivley. Defendant April Tru [Trusty] is a former booking officer whose only contact with Sivley was to generate a June 29, 2006, booking sheet. The information contained on the booking sheet is accurate.

---

[1]Indeed, the plaintiff's attorney was forced to withdraw after the plaintiff abruptly hung up the telephone after their last conversation and would no longer communicate with his attorney thereafter. The plaintiff has had no contact with the court after his attorney's motion to withdraw filed on April 12, 2010.

[2]The facts set forth in this opinion have been taken – with small, stylistic changes – from the defendants' motion for summary judgment, to which the plaintiff has not responded.

This case was filed under 42 U.S.C. §1983 on July 1, 2009, alleging a denial of the right to medical care for serious medical needs by a pretrial detainee in violation of the 14th Amendment to the United States Constitution. Sivley named DeSoto County and individuals Steve Atkinson (sued as the former Jail Administrator) and April Tru [Trusty] (booking officer) as Defendants.

On June 21, 2005, Sivley was arrested by a DeSoto County Deputy Sheriff and charged with no proof of insurance; driving on suspended license; no tag and DUI. Exhibit A[3], DeSoto County Justice Court records at Pages 1-5. Sivley remained incarcerated in the DeSoto County Detention Facility from June 21, 2005, through July 14, 2005. Exhibit B, DeSoto County Detention Facility records at Pages 1-12. Upon booking, Sivley said he had hypertension, diabetes, liver problems and Hepatitis C. *Id.* All medications were verified by Walgreens Pharmacy, and DeSoto County Medical Director Dr. Gina Bray gave orders for Sivley to take these medications. *Id.* Sivley was released on bond on July 14, 2005, with a court date scheduled for September of that same year. Exhibit A, Page 6.

On June 29, 2006, Sivley was surrendered by his bail bondsman on a contempt of court warrant. Exhibit A, Page 13. At 3:03 a.m., Booking Officer April Trusty completed a booking sheet for Sivley. Exhibit A, Page 14; Exhibit D, Affidavit of April Trusty. At 8:00 a.m., Sivley was given a formal medical screening by Ashley Blaine Agner, a Registered Nurse employed at the jail. Exhibit B, Pages 15-20. Sivley stated he was diabetic and hypertensive. *Id.* Sivley did not have any medications with him. *Id.* Nurse Agner immediately called Walgreens Pharmacy

---

[3]The exhibits referenced in this memorandum opinion are contained in the defendants' motion for summary judgment.

to verify which medications Sivley was taking. *Id.* Sivley received his first dose at this time. *Id.*

On July 1, 2006, at 6:16 p.m., ongoing monitoring of Sivley's vital signs revealed an elevated blood pressure (168/110). Exhibit B, Page 21. DeSoto County Medical Director Dr. Gina Bray was contacted. Dr. Bray ordered the nurse to add Clonidine 0.1 mg and start immediately. *Id.*

On July 5, 2006, at 11:45 a.m., Sivley reported chest congestion and coughing to Nurse Agner. Exhibit A, Pages 23-25. She recorded Sivley's vital signs (BP 162/84). *Id.* She further documented that Sivley denied coughing up any phlegm, that his lungs were clear with no wheezing and that he was a smoker. *Id.* Dr. Bray ordered Guaifenesin Cough Syrup, twice daily for 7 days and Amoxicillin, 500 mg., three times daily for 10 days. *Id.* Dr. Bray also ordered Sivley to stop smoking. *Id.* At 8:45 p.m., Nurse Mike and Nurse Agner checked on Sivley. Exhibit A, Page 26.

They documented that Sivley reported feeling much better. *Id.* They also told Sivley once again not to be going out to smoke (he was seen earlier on a smoke break). *Id.* On July 6, 2006, at 5:30 a.m., Officer Linda Hill notified Sgt. Sharon Brock that Sivley was having breathing problems; vital signs not normal; BP: 200/120; oxygen, 86; blood sugar 61. Exhibit B, Page 14. Dr. Bray was contacted. She advised them to give Sivley .1 mg clonidine, one aspirin and send him to Baptist DeSoto Hospital via patrol car. Sivley was released at the emergency room per authorization from a justice court judge. Exhibit A, Page 15.

From July 6, 2006, through July 14, 2006, Sivley was hospitalized. Exhibit C. Sivley was stable upon discharge with Final Diagnoses: End stage renal disease, Congestive heart failure, Malignant hypertension, Uncontrolled type 2 diabetes mellitus, and Anemia due to

chronic disease. *Id.*

## Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th

Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

**Denial of Medical Treatment**

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a

court from the obviousness of the substantial risk. *Id*. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). This same subjective deliberate indifference standard has been applied to pre-trial detainees under the Fourteenth Amendment as well as convicted inmates under the Eighth Amendment. *See Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996). In cases such as the present one, arising from delayed medical attention rather than a clear denial of medical attention, a plaintiff must demonstrate that he suffered substantial harm resulting from the delay in order to state a claim for a civil rights violation. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993); *Campbell v. McMillin*, 83 F. Supp. 2d 761 (S.D. Miss. 2000). A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

The Fifth Circuit summarized this rule:

> Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances. "Furthermore, the decision whether to provide additional treatment 'is a classic example of a matter for medical judgment.'" A showing of deliberate indifference requires the prisoner to submit evidence that prison officials "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" "Deliberate indifference 'is an extremely high standard to meet.'"

*Gobert v. Caldwell*, 463 F.3d 339, 347 (5th Cir. 2006) (internal citations omitted).

Sivley has not met that standard. Under *Gobert*, the exercise of medical judgment and an extensive history of active medical treatment, although unsuccessful, show that a defendant does

not have the necessary culpable state of mind to establish an Eighth Amendment claim for denial of medical treatment. As documented above, before his release on July 6, 2006, Sivley was provided ongoing medical treatment in the DeSoto County Detention Facility. Exhibit B. Sivley was not compliant with his medications. DeSoto County nonetheless obtained and dispensed his medication to him. When Sivley developed additional symptoms, he received additional medical treatment. When decisions regarding Sivley's treatment required medical judgment, the jail consulted the staff physician, and jail officials then followed the doctors' orders. In addition, Sivley has not shown that any DeSoto County Jail official in this case acted with the culpable state of mind – deliberate indifference. Thus, the motion by the defendants for summary judgment will be granted, and Sivley's claims for denial of adequate medical treatment will be dismissed. Given the court's ruling on the merits of the plaintiff's claims, the court makes no decision regarding the defendant's assertion of the qualified immunity defense. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 3rd day of November, 2010.

/s/ Neal Biggers

NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE